## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

GORDON L. LANGLEY,
PAUL MAULL IV, and
WILLIAM A. POWELL,
individually and on behalf of                       **CIVIL ACTION NO.:**
all others similarly situated who
consent to their inclusion in a
collective action,

       **Plaintiffs,**                               **Jury Trial Demanded**

 **VS.**

SMITH TURF & IRRIGATION, LLC and
STEPHEN E. SMITH
WAYNE SMITH , Jr
ANNA-LINDSAY YARBROUGH,

      **Defendants.**

## COMPLAINT

Plaintiffs Gordon L. Langley, Paul Maull IV and William A. Powell ("Plaintiffs"), individually and on behalf of all others similarly situated who consent to their inclusion in a Collective Action brings this Complaint against Smith Turf & Irrigation, LLC ("Smith Turf") and Stephen E. Smith, Wayne Smith, Jr and Anna-Lindsay Yarbrough ("Owners"), and shows the Court as follows:

**INTRODUCTION**

1.

Plaintiffs Gordon L. Langley, Paul Maull IV, and William A. Powell ("Plaintiffs") bring this action under the Fair Labor Standards Act of 1938 (1) (FLSA) to recover due but unpaid overtime wages and an additional like amount as liquidated damages; (2) to enjoin violations of the FLSA and; (3) and to be reimbursed the costs of litigation, including reasonable attorneys' fees

2.

Additionally, Plaintiffs assert Collective Action allegations and ask this Court to certify a "Collective" of similarly situated individuals for all persons who worked as outside Technicians diagnosing and repairing costumer's mowing equipment and irrigation systems ("Outside Technicians") at Smith Turf & Irrigation, LLC within three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, §2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Western District of North Carolina under 28 U.S.C. §1391 because Smith Turf's principle place of business is in the Western District of North Carolina, Defendants Stephen E. Smith, Wayne Smith, Jr and Anna-Lindsay Yarbrough residences are located in the Western District of North Carolina and the events giving rise to the claims herein arise in the Western District of North Carolina.

## PLAINTIFFS

5.

Plaintiffs Gordon L. Langley, Paul Maull IV, and William A. Powell are Outside Technicians employed by Smith Turf residing within the Western District of North Carolina.

## DEFENDANTS

6.

Defendant Smith Turf is a for profit corporation organized under the laws of the State of North Carolina.

7.

At all times material hereto, Defendant Stephen E. Smith, Wayne Smith, Jr and Anna-Lindsay Yarbrough owned and operated Smith Turf & Irrigation, LLC whose principle office is located at 4355 Golf Acres Drive Charlotte, NC 28208-5874.

8.

Smith Turf can be served with process at their principle place of business at 4355 Golf Acres Drive Charlotte, NC 28208-5874.

9.

Smith Turf is subject to the personal jurisdiction of this Court.

10.

At all times material hereto, Defendant Smith Turf has been an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

Defendant Owners Stephen E. Smith, Wayne Smith, Jr and Anna-Lindsay Yarbrough are subject to personal jurisdiction of this Court and

can be served with process at 4355 Golf Acres Drive Charlotte, NC 28208-5874.

12.

At all times material, Defendant Owners have been "employers" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

**ENTERPRISE COVERAGE**

13.

At all times material, Smith Turf has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA §6(a), 29 U.S.C. § 206 (a) and "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. §203(s) (a) (A) (i). As defined by 29 U.S.C. §203(s)(1)(A)(i) because their employees use trucks and equipment that have travelled in interstate commerce.

14.

In all relevant years, Smith Turf had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. §203(s)(1)(A).

## OPERATIVE FACTS

### 15.

Plaintiffs are or were "employees", as defined by FLSA §3(e)(1), 21USC §203(e)(1), employed within the three previous years of filing of the Complaint as Outside Technicians diagnosing and repairing costumers' mowing equipment and sprinkler systems within the State of North Carolina.

### 16.

At all times material, Defendant Owners exercised operational control and supervising authority over the work activities of Plaintiffs and Defendant Owners scheduled Plaintiffs' working hours and supervised scheduling as well as exercised authority and supervision over Plaintiffs' compensation.

17.

For the three years previous to the filing of the Complaint Plaintiffs were employed by Defendant Smith Turf and for the three years previous to filing of the Complaint similarly situated Outside Technicians have worked more than forty (40) hours in the work week. The Defendants Smith Turf and Owners paid Plaintiffs straight time hours for forty hours in the workweek but never paid Plaintiffs time and a half overtime pay for the hours worked in excess of forty 40 hours in the workweek as required by the FLSA.

18.

Plaintiffs and other similarly situated Outside Technicians are not exempt from the overtime requirements under the 29 CFR 778.114 and do not qualify for the fixed pay fluctuating hours exemption, commonly termed Chinese overtime, because they were not paid a fixed salary, their hours did not fluctuate below forty hours, were paid a fixed hourly rate for forty hours of work and half time for all hours worked in excess of forty hours and were not paid a fixed salary when they worked less that forty hours when they were required to use paid vacation time to compensate for working less than forty hours.

## CAUSE OF ACTION -WILLFUL FAILURE TO PAY OVERTIME

### 19.

At all times material Plaintiffs have been "employees" covered by the FLSA and are entitled to overtime pay for all hours worked in excess of 40 hours at one and a half rate of their regular rate of pay.

### 20.

At all times relevant Plaintiffs and similarly situated Outside Technicians were not exempt from the overtime wage requirements of the FLSA by reason of any exemption.

### 21.

FLSA 29 USC § 207 (a) (1) provides: "Except as otherwise provided in this section, no employee shall employ any of his employees… for a work week longer that forty hours unless such employees receives compensation for employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which they are employed."

### 22.

Plaintiffs and similarly situated Outside Technicians have been at all times relevant have been required to work without the overtime compensation required by 29 CFR 778.114 for those hours worked in excess of forty (40) in the work week.

23.

Defendants Smith Turf and Owners have a policy, practice and scheme of not paying Outside Technicians time and a half for hours worked excess of (40) hours in a work week.

24.

During the three years previous of filing of the Complaint, Defendants failed to compensate Plaintiffs and similarly situated outside technicians for overtime pay in accordance with the FLSA.

25.

Defendants' pattern and practice of violating 29 U.S.C. §207 is unlawful under 29 U.S.C §215 (a)(2) which provides: "It shall be unlawful for any person- (2) to violate any of the provisions of …section 207 of this title, or any of the provisions of any regulation or order of the Secretary issued under section 214 of this title."

26.

Defendants Smith Turf and Owners violations of the overtime provisions of the FLSA are willful and intentional.

## COLLECTIVE ACTION

### 27.

At all times during the three years prior to the filing of the Complaint, Defendants have violated 29 U.S.C. § 207 by failing to pay overtime wages to all persons who worked as Outside Technicians at Smith Turf.

### 28.

All Outside Technicians who worked more than forty hour per week without the payment for overtime as required by the FLSA at Smith Turf within the three years prior to the filing of this action are "similarly situated" within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

### 29.

Defendants Smith Turf and Owners are liable pursuant to 29 U.S.C. § 201 *et seq.*, to all individuals similarly situated to Plaintiffs for

unpaid overtime wages, interest, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

30.

The proposed Collective of individuals similarly situated to Plaintiffs should be defined as "All individuals who have worked as Outside Technicians at Smith Turf for the previous three (3) years prior to filing of the Complaint through the present." (Hereinafter referred to as the "Collective").

31.

All such individuals similarly situated to Plaintiffs would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as Plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

32.

All such individuals similarly situated to Plaintiffs are known to Defendants, are readily identifiable, and can be located through the records of Defendants.

33.

Pursuant to 29 CFR 778.114 Plaintiffs bring this action on their behalf and on behalf of all other Outside Technicians similarly situated who have not been paid overtime in accordance with the FLSA.

34.

Under the Fair Labor Standards Act, an employee may bring a Collective Action in an individual capacity on behalf of other employees "similarly situated" based on an employer's failure to pay overtime wages. 29 U.S.C §216(b). To maintain a Collective Action under FLSA, a Plaintiffs need show only that the putative Collective Action members are "similarly situated"

35.

Plaintiffs seek to represent all current and former Outside Technicians employed by Defendants within the time period commencing three years preceding the filing of the Complaint, through and until the date this lawsuit is finally determined and concluded.

36.

There is similarity among all Outside Technicians who have not been paid overtime and are similar with respect to duties, job descriptions, job requirements, training, day-to-day operations, tools and

methods performance reviews, merchandising and pricing policies compensation and benefits and overall commonality of jobs.

37.

The Plaintiffs and the Collective also were or are similarly situated in that they were or are subject to the same or similar unlawful practices, policies or plans and their claims in this action are based upon the failure of Defendants to pay overtime in accordance with the requirements of the FLSA.

38.

The number of individuals in the proposed Collective is so numerous that conventional joinder of all members is impractical. Plaintiffs estimate that the Collective, including both current and former Outside Technicians, over the relevant period, will include more than forty members. The precise number of putative members should be readily available from a review of the Defendants' personnel, scheduling, time and payroll records, and from information receive from putative members as part of the "opt-in" process set forth in 28 USC §216(b).

39.

The status of all individuals similarly situated to Plaintiffs raises an identical legal question: whether Defendants collectively failed to pay the Outside Technicians the required overtime premiums of one and a half times the regular rate of pay under the FLSA for all hours worked in excess of 40 hours in a workweek and are entitled to overtime payments in accordance with the FLSA.

40.

Plaintiffs and the Collective share the same interest in resolving these factual and legal questions as every other similarly situated Collective Members, and each Collective Member's entitlement to overtime pay in this suit will hinge on the common resolution of the similar questions of whether the Defendants had failed to pay employee Outside Technicians required by FLSA involving common questions of law and fact.

41.

Given the material similarity of the putative members' claims, even if each member could afford to litigate a separate claim, this Court should not countenance or require the filing of more than thirty identical actions. Individual litigating of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, significant

duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a Collective Action would permit the efficient supervision of the putative members' claims, create significant economies of scale for the Court and the parties, and result in a binding, uniform adjudication on all issues.

42.

This Collective Action can be efficiently and effectively managed by sending the same FLSA opt-in-Notice to all similarly situated Outside Technicians employed by the Defendants.

43.

Accordingly, Plaintiffs respectfully ask this Court to certify this action as a Collective Action under 29 U.S.C. § 216(b).

44.

The representative Plaintiffs propose that notice of these proceedings be given to those similarly situated Outside Technicians and who have been aggrieved by Defendant's unlawful conduct and be permitted to join this action as Plaintiffs' pursuant to 20 U.S.C. §216 (b) by filing written consents to joinder with the Court.

45.

Plaintiffs seek judgement against Defendants on their own behalf and on behalf of those similarly situated Outside Technicians who file written consent to joinder in this action, for all unpaid overtime wages owed by Defendants to the Plaintiffs and those similarly situated, pursuant to 29 U.S.C. §207, together with an award of an additional equal amount as liquidated damages, as well as costs, interest and reasonable attorneys' fees as provided for under 29 U.S.C. §216 (b).

## LIQUIDATED DAMAGES

### 46.

Plaintiffs and the Collective are entitled to liquidated damages in addition to the damages set forth in the preceding paragraphs, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b), because Defendants Smith Turf and Owners have willfully and repeatedly violated the FLSA in not paying overtime pay.

### INJUNCTIVE RELIEF

### 47.

Plaintiffs and the Collective seek injunctive relief for the Court to preliminarily and permanently enjoin the Defendants from continued

and repeat violations of its legal obligations and duties under the FLSA pursuant to 29 USC §217.

## COSTS AND ATTORNEYS FEES

### 48.

Defendants Smith Turf and Owners are indebted to Plaintiffs and the Collective for the costs of litigation, including their reasonable attorney's fees, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Gordon L. Langley, Paul Maull IV and William A. Powell on behalf of themselves and on behalf of those similarly situated Outside Technicians pray judgement in their favor and for the following relief against Defendants Smith Turf and Owners:

(1)    That Plaintiffs be awarded compensatory damages against the Defendants Smith Turf and Stephen E. Smith, Wayne Smith, Jr and Anna-Lindsay Yarbrough jointly and severally, in an amount to be determined at trial for unpaid overtime for the three years previous to filing of the Complaint through present due under the FLSA, plus an additional like amount in liquidated damages;

(2)     That the Court issue a Notice of Present Lawsuit to all individuals similarly situated Outside Technicians to Plaintiffs allowing all such similarly situated Outside Technicians to file their written consent to join this action as Plaintiffs:

(3)     That the Court award all such individuals who "opt in" to this lawsuit their unpaid overtime wages, liquidated damages, costs of litigation and attorneys fees jointly and severally from Defendants; and

(4)     That the Court adjudge and declare that this action is an appropriate Collective Action pursuant to 29 U.S.C. §216, certify the proposed Collective and otherwise certify this action;

(5)     That the Court order the Defendants to disclose their 2015, 2016 and 2017 income tax returns, their complete payroll records showing hours worked and compensation paid for strait time and overtime in computer format, or in print if no computer readable format is available, as well as the names and address of all those individuals who are similarly situated to Plaintiffs, including current

and former Outside Technicians employed by Defendants at any time commencing three years preceding the filing of this initial Complaint, through and until the date this lawsuit is finally determined and concluded, and permit Plaintiffs to send Notice of this action to all those similarly situated individuals, including publishing a notice in a manner that is reasonably calculated to apprise the potential Collective members of their rights under this litigation.

(6)     That the Court adjudge and declare that Defendants violated the overtime pay provisions of the FLSA as to Plaintiffs and the Collective;

(7)     That the Court adjudge and declare that Plaintiffs and the proposed Collective were at all relevant times entitled to be paid time and a half their regular rate of pay for all overtime for all hours worked in excess of forty (40) hours in a workweek, and that those amounts to which Plaintiffs and the Collective are entitled shall be doubled as liquidated damages and that Defendants jointly and severally shall pay those damages;

(8) That Defendants be preliminary and permanently enjoined from violating its legal obligations and duties under FLSA;

(9) That the Court make an award to Plaintiffs and the Collective for amount of unpaid overtime compensation, including interest theron, and penalties in an amount to be proved at trial;

(10) That the Court award Plaintiffs and the Collective interest on the amount of any and all economic losses at the prevailing legal rate;

(11) That the Court award Plaintiffs and the Collective their attorneys' fees pursuant to 29 U.S.C. §216(b);

(12) That the Court award Plaintiffs and the Collective all costs of suit, and any and all such other relief as the Court may deem appropriate and proper; and

(13) That Plaintiffs demand that their claims herein be tried by jury

*S/ McNeill Stokes*
McNeill Stokes
Georgia Bar Number:

683600

*Pro Hac Vic Pending*

Attorney for Plaintiffs


5372 Whitehall PL SE
Mableton, Georgia 30126
Telephone 404-352-2144
Email: mcstokes@bellsouth.net


*S/ James Faucher*
James Faucher
Greensboro Law Center
North Carolina Bar

Number: 31514

Attorney for Plaintiffs


822 N Elm St, Greensboro,
North Carolina 27401
Telephone 336-478-6000
Email: james@greensborolawcenter.com